```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

RALPHFEL BELL,                )
                              )
            Petitioner,       )
                              )     CAUSE NO. 2:16-CV-80 RL
        vs.                   )
                              )
SUPERINTENDENT,               )
                              )
            Respondent.       )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Ralphfel Bell, a *pro se* prisoner. For the reasons set forth below, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

BACKGROUND

In the petition, Bell challenges the prison disciplinary hearing (ISP 16-01-106) where he was found guilty of possession and/or use of a cell phone in violation of A-121 by the Disciplinary Hearing Officer (DHO). ECF 1 at 1. Bell was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 2 to Credit Class 3. *Id.* While Bell asserts three grounds in his petition, each of the grounds in his petition challenges the sufficiency of the evidence.

The Conduct Report charges:

> [o]n 1/11/16 at approx. 0830 2 phones and a USB wall charger and cord were found hidden in a cracker box at the back of the range in a empty trash bag tied to the railing. With the tools available to this office of Investigations and Intelligence the phone was able to be accessed. On the phone were photos of Offender Bell, messages and voice recordings that all identified the phone to belong to Offender Bell, Ralphfel # 998078. The Face Book Page that was on the phone was Offender Bell, Raphfel (sic) identified by him by name.

ECF 1-1 at 1.

Bell has not filed a traverse to Respondent's return to the order to show cause, nor has he sought additional time to do so. He is now several months past his deadline to file a traverse, and therefore, this case is deemed fully briefed.

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Bell argues that the DHO did not have sufficient evidence to find him guilty because he was not in physical possession of the cell phone at the time it was discovered. ECF 1 at 2. He claims that the phone was discovered in a trash bag in a common area, and that at the time of its discovery he was in a different part of the prison. *Id.* Bell also argues that there were photographs of four other inmates on the phone, and therefore it is impossible to determine the true owner of the phone. *Id.* Respondent, on the other hand, contends that there was sufficient evidence for the DHO to find Bell guilty. Respondent points to the text messages and photographs connecting Bell to the phone as "some evidence" that Bell used or possessed the phone. ECF 8 at 8. The court agrees.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Hill*, 472 U.S. at 457 (quotations marks and citation omitted).

[T]he findings of a prison disciplinary board [need only]

> have the support of some evidence in the record. This is
> a lenient standard, requiring no more than a modicum of
> evidence. Even meager proof will suffice, so long as the
> record is not so devoid of evidence that the findings of
> the disciplinary board were without support or otherwise
> arbitrary. Although some evidence is not much, it still
> must point to the accused's guilt. It is not our province
> to assess the comparative weight of the evidence
> underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, there was sufficient evidence to find Bell guilty of possession or use of a cell phone. Indiana Department of Correction (IDOC) policy A-121 prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process, Appendix I: Offenses. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.) Bell's emphasis on the physical location of the cell phone at the time of its discovery is misplaced. IDOC policy prohibits possession *or use*. When the phone was searched, photographs of Bell were discovered, the Facebook page on the phone belonged to Bell, and there were text messages explicitly identifying the user of the phone as Bell, including a message identifying Bell by his IDOC inmate number. This is certainly "some evidence" that Bell used or possessed the cell phone at some time – even if he was not in physical possession of the phone at the time of its discovery.

The DHO heard Bell's arguments, weighed the facts, and found

against him. There is no indication that the decision was arbitrary. Bell's assertions to the contrary, the DHO was not required to definitely exclude the possibility that any other offender was the true owner of the phone. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Moreover, it is not for this court to re-weigh the evidence. The DHO determined that Bell used the phone and this was a sufficient basis on which to find him guilty.

CONCLUSION

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

DATED: May 18, 2017  /s/RUDY LOZANO, Judge
United States District Court